911 F.2d 731
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James W. COOPER, Jr., Plaintiff-Appellant,
v.
Thomas MOYER, Hon., Chief Justice, Ohio Supreme Court,
Administrative Judges of Ohio Courts of Common
Pleas, Defendants-Appellees.
 No. 89-3973.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 James W. Cooper, Jr., is a pro se Ohio prisoner who appeals the dismissal of a civil rights case that he had filed under 42 U.S.C. Sec. 1983. Cooper's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The defendants are the Chief Justice of the Ohio Supreme Court and unnamed administrative judges of the Ohio Courts of Common Pleas. Cooper sought injunctive and declaratory relief from these defendants, alleging that they are denying him access to Ohio's post-conviction procedures. On September 22, 1989, the district court entered a memorandum opinion and judgment which dismissed Cooper's complaint as frivolous under 28 U.S.C. Sec. 1915(d). It is from this judgment that Cooper now appeals.
 
 
 4
 Cooper is imprisoned as a result of his conviction for aggravated murder with specifications of kidnapping and rape. His conviction was affirmed by the Ohio Court of Appeals, and the Court of Common Pleas later denied his motion for post-conviction relief. The gravamen of Cooper's civil rights complaint concerns the processing of his post-conviction motion. He alleges that the state did not file a response to this motion as required by Ohio Rev.Code Sec. 2953.21(D) and that the Court of Common Pleas did not support its denial of his motion with findings of fact and conclusions of law as required by Ohio Rev.Code Sec. 2953.21(E). He also alleges that the Chief Justice of the Ohio Supreme Court did not exercise his supervisory powers to expedite the disposition of Cooper's case.
 
 
 5
 Upon review, we conclude that the district court correctly found that Cooper's complaint was frivolous within the meaning of 28 U.S.C. Sec. 1915(d). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). The Supreme Court has cited clear cases of immunity as examples of claims that lack an arguable basis in law. Id. at 1833. Cooper's civil rights complaint was frivolous because the defendants are immune from suit under the eleventh amendment. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984).
 
 
 6
 Accordingly, Cooper's request for counsel is hereby denied and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation